[Cite as *State v. Harvey*, 2022-Ohio-422.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

CEEJAY HARVEY,

    DEFENDANT-APPELLANT.

CASE NO. 3-21-09

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 20-CR-0330

**Judgment Affirmed**

**Date of Decision: February 14, 2022**

APPEARANCES:

    *Edwin M. Bibler* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ceejay Harvey ("Harvey") brings this appeal from the judgment of the Court of Common Pleas of Crawford County imposing a prison term for a violation of community control sanctions. Harvey claims on appeal that the trial court erred by imposing a prison term instead of continuing community control. For the reasons set forth below, the judgment is affirmed.

{¶2} On October 28, 2020, Harvey entered a guilty plea to one count of domestic violence in violation of R.C. 2919.25(A). Doc. 11. The trial court sentenced Harvey to five years of community control and advised Harvey that if he failed to abide by the community control sanctions, he could be sentenced to a prison term of 36 months. Doc. 12. On June 1, 2021, a show cause motion was filed alleging that Harvey violated three terms of his probation by absconding from supervision since November 26, 2020, and tested positive on May 31, 2021 for multiple illegal substances including methamphetamine, cocaine, and fentanyl. Doc. 14. The trial court held a motion on the hearing on June 30, 2021. Doc. 20. Harvey admitted to the violations at the hearing. Doc. 20. The trial court then found Harvey to be in violation and revoked the community control, imposing a prison term of 24 months in prison. Doc. 20. Harvey appealed from this judgment and on appeal raises the following assignment of error.

> **The trial court erred when it found that [Harvey] was no longer amenable to community control sanctions and revoked**

**[Harvey's] community control and imposed a twenty-four (24) month prison term.**

{¶3} In the sole assignment of error, Harvey claims that he was amenable to community control sanctions and the trial court erred in finding otherwise. The trial court is guided as to what it can do if there is a violation of community control conditions by R.C. 2929.15 which states in pertinent part as follows.

**(B)(1) If the conditions of a community control sanction imposed for a felony are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose on the violator one or more of the following penalties.**

**(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;**

**(b) A more restrictive sanction under sections 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;**

**(c) A prison term on the offender pursuant to sections 2929.14 of the Revised Code and division (B)(3) of this section * * *;**

**\* \* \***

**(3) The prison term, if any, imposed on a violator pursuant to this division and Division (B)(1) of this section shall be within the range of prison terms described in this division and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. * * ***

R.C. 2929.15. Harvey was originally convicted of domestic violence, a felony of the third degree. Pursuant to R.C. 2929.14, he was subject to a prison term of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b).

{¶4} Here, Harvey argues that the trial court erred because by the time of the hearing, he was making progress by attending counseling as required. However, this does not change the fact that Harvey admitted to three violations. Specifically, Harvey admitted to violating 1) rule 2 by absconding supervision since November 16, 2020, without providing the supervising officer with his new residence; 2) rule 5 by failing to complete an anger management/violence assessment and comply with all counseling recommendations; and 3) rule 7 by testing positive for amphetamine, buprenorphine, methamphetamine, marijuana, cocaine, and fentanyl. Doc. 14. According to his supervising officer, Harvey appeared for the initial visit, completed the paperwork, "and then never came back." Tr. 5. The trial court subsequently determined that "based upon his behavior, he's not amenable to community control. I mean, he didn't accomplish anything that's positive on community control because he never reported." Tr. 7. Despite Harvey's argument, the record shows that Harvey only began working on the assessment and counseling requirements once he was back in jail. Additionally, the sentence imposed by the trial court was within the range permitted. The trial court indicated that it had considered the statutory factors set forth in R.C. 2929.11 and 2929.12. The trial court then imposed a prison term lower than the one requested by the State. Given the record before this Court, there

is no basis for holding that the trial court erred by revoking community control and imposing a prison term.  The assignment of error is overruled.

{¶5} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Crawford County is affirmed.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/hls**